PASQUALE NUZZO et al., Respondents, *v.* JOE LAPAN et al., Appellants.

Third Department, April 23, 1959.

*Norman Kellar* (*F. Walter Bliss* of counsel), for appellants.

*David Corwin* for respondents.

*Wiswall, Wood, Olson & Gordon* (*Carl O. Olson* of counsel), for New York State Farm Bureau, Inc., *amicus curiæ*.

*Kooperman & Kooperman* for Jewish Agricultural Society, Inc., and others, *amici curiæ*.

BERGAN, J. P. Defendants have been restrained by the provisions of a judgment of permanent injunction from maintaining their chicken farm facilities along the boundary of plaintiffs' property on the ground the odors from the chickens interfered with plaintiffs' restaurant and hotel business.

We are of opinion the judgment is not well founded. The properties are situated in a rural section of southern Ulster County in which there are a number of chicken farms. When plaintiffs bought the hotel and restaurant property in Decem-

ber, 1951 the chicken house along the boundary of the land adjoining the north of the premises plaintiffs were buying was in existence and plainly in sight. It was 112 feet in length along the boundary, 30 feet wide, and had a capacity for housing 2,200 chickens. While the chicken farm was not then in operation and not then owned by defendants, plaintiffs purchased the premises for a restaurant business with a reasonable expectation that a chicken raising facility of at least this size would probably be used in due course along the property line.

Defendants should not readily be restrained, therefore, in the use of their own property for the raising of chickens in a physical facility the existence of which was known to plaintiffs before they bought the adjoining land. This is a lawful use of property, and one in which due respect must be accorded to the legal rights of the defendant owners.

Defendants bought their chicken farm in September, 1952, within a year of the time plaintiffs had taken title to the adjoining premises. Defendants subsequently greatly enlarged the facilities of the chicken farm. One building, constructed after they acquired title is some distance from plaintiffs' land and its use is not prohibited by the injunction.

Another building was constructed by them, however, in the Fall of 1953, alongside of the original building adjoining plaintiffs' land, but on the side of it away from plaintiffs' land. This additional building was 112 feet long and 20 feet wide. As we see it, therefore, the issue ultimately narrows down as to whether the use of this additional building, which houses 1,800 chickens should be enjoined.

If an injunction were to be granted as to this additional building, a clear showing ought to be made by plaintiffs that the operation of the facility already in existence and use along their land so interfered with their restaurant as to require the defendants in due deference to the comfort, convenience and business operation of their adjoining neighbor, to locate the new chicken house farther inside their own property.

Such a showing has not been made in this record; indeed, the contention of the plaintiffs was merely that the whole chicken raising operation along their boundary line should be stopped by the court without distinction between the building there when they bought the premises and the additional building alongside it.

The record shows this building represents a substantial investment. The record fails to show such a specific protest from plaintiffs between the Fall of 1952 when defendants started operations and the erection of this additional building in the Fall of 1953 as to cause defendants to erect it elsewhere or not

erect it. Some clear proof on this point seems essential as the foundation of injunctive relief.

As we have seen, the use of the original facility ought not be restrained because it was in plain sight when plaintiffs bought their premises and they could have decided whether they wanted to take the risk, or not, of establishing a restaurant business at that place near a chicken farm facility.

The judgment should be reversed on the law and the facts and judgment directed for defendants, with costs.

Coon, Gibson, Herlihy and Reynolds, JJ., concur.

Judgment reversed, on the law and the facts, and judgment directed for defendants, with costs.

Settle order.